IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David B. Harrell, Jr., | Civil Action No. 2:19-cv-1699-CMC |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| Bryan Stirling and Martin Frink, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint filed June 13, 2019.[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

On August 2, 2019, the Magistrate Judge issued a Proper Form Order and a Reference Order, granting Plaintiff's motion to proceed *in forma pauperis* and denying his motion for hearing/to appoint counsel, and also notifying Plaintiff portions of his Complaint were subject to summary dismissal for failure to state a claim. ECF Nos. 12, 13, 14. Plaintiff was given an opportunity to amend his Complaint and was notified that if he failed to do so, the Magistrate Judge would recommend summary dismissal on some claims. ECF No. 7. Plaintiff filed objections to the Proper Form Order, stating his Complaint contained sufficient evidence of his

---

[1] Plaintiff originally filed this Complaint with another inmate, Warren Russell. The court determined the two plaintiffs would not be permitted to proceed in a single suit, terminated Russell from that suit, created a new case, and filed the Complaint in this case for Plaintiff only. ECF No. 8. Russell's suit continues on his new docket.

claims. ECF No. 18. He also filed a Proposed Amended Complaint, containing the same allegations as his original Complaint. ECF No. 19.

On September 12, 2019, the Magistrate Judge issued a Report recommending certain claims and Defendant Frink be summarily dismissed. ECF No. 24. The Report also recommended Plaintiff's equal protection claim against Defendant Stirling for race-based prison transfers be allowed to proceed. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. The court received Plaintiff's timely filed objections on October 1, 2019. ECF No. 26.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report notes Plaintiff resubmitted the same allegations instead of filing an Amended Complaint addressing the deficiencies identified by the Magistrate Judge in her Proper Form

2

Order, and filed a letter disagreeing with the Proper Form Order. ECF No. 24 at 2. The Report considered Plaintiff's letter, and believes Plaintiff confused summary judgment with summary dismissal. *Id.* at 4. Plaintiff focused on the evidence he provided to prove his claims, instead of addressing legal deficiencies in his Complaint. *Id.* The Report goes on to recommend Plaintiff's claims against Defendant Frink and claims other than equal protection race-based prison transfer be dismissed as they fail to state a facially plausible claim for relief. *Id.*

Plaintiff objects to the Report, arguing the court is "deliberately misconstru[ing] his argument" regarding his Due Process claim. ECF No. 26 at 1. He asserts the state created a procedural due process for inner-state-compact transfers and then violated that process. *Id.* He also argues he does not have access to institutional opportunities the inmates in South Carolina Department of Corrections custody have, but similarly situated inmates have that access. *Id.* at 2. He contends he is being denied his right to rehabilitation and suffers deprivation of visitation due to the transfer. *Id.* Finally, he argues his claims should be allowed to continue, including those against Defendant Frink, because the exhibits attached to his Complaint clearly establish those claims. *Id.* at 2-3.

The court finds Plaintiff's objections unavailing. Again, Plaintiff merely reiterates his disagreement with the court. Plaintiff cites a state statute and policy manual he states create a procedural due process right; however, those documents do not create a violation of the United States Constitution sufficient to pursue in federal court. The Report explains why his other claims similarly do not rise to the level of constitutional violations. In addition, to the extent Plaintiff argues exhibits attached to his Complaint show the material facts of his claims, the court notes

3

Fed. R. Civ. P. 8(a) requires complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." His Complaint contains no reference to Defendant Frink's actions he asserts violate his rights.

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation certain claims and Defendant Frink should be dismissed. Accordingly, the court adopts the Report by reference in this Order. Defendant Frink is hereby dismissed without prejudice, as are Plaintiff's claims other than the equal protection claim against Defendant Stirling. The equal protection claim regarding race-based prison transfers shall proceed. This case is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina
October 7, 2019