IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David B. Harrell, Jr., # 260004,  Plaintiff  v.  Brian Stirling, Director of SCDC,  Defendant. | C/A. No. 2:19-1699-CMC  **Order** |

This matter is before the court on Plaintiff's *pro se* Complaint[1], filed in this court pursuant to 42 U.S.C. § 1983, alleging he was targeted for transfer ultimately to a prison in Mississippi, without any notice or explanation, because of his race. ECF Nos. 1, 1-1. He asserts this transfer has denied him of opportunities to participate in character-based units and the attendant benefits, and that people can no longer visit him due to distance. After dismissal of most claims (ECF No. 27), the race-based equal protection claim regarding his selection for transfer remains. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").

On April 27, 2020, Defendant moved for summary judgment. ECF No. 63. A *Roseboro* Order was mailed to Plaintiff the same day, advising him of the importance of a dispositive motion

---

[1] Plaintiff originally filed this Complaint with another prisoner, Warren Russell; however, the court severed the cases.

and the need to file an adequate response. ECF No. 64. Plaintiff filed a response in opposition. ECF No. 66.

On August 25, 2020, the Magistrate Judge issued a Report recommending Defendant's summary judgment motion be granted. ECF No. 67. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed two motions for extension of time, which were granted, and the deadline extended to November 19, 2020. ECF Nos. 69, 70, 72, 73. Plaintiff has not filed objections and the extended deadline to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motions, the applicable law, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Defendant's motion for summary judgment (ECF No. 63) is granted, and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 8, 2020